[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on May 28, 1996. On an earlier date, April 18, 1996, the court entered an order after a hearing authorizing a prejudgment remedy of an attachment or garnishment in the amount of $15,000 against the defendant. The allegations of the complaint are as follows:
1. Plaintiff Sinclair Insurance Group is a Connecticut corporation with its principal offices on Barnes Road, Wallingford, Connecticut.
2. Defendant, Walters Automotive Distributors, Inc. (Walters), is a Connecticut corporation with its principal offices at 757 First Avenue, West Haven, Connecticut. CT Page 610
3. Commencing on or about February 11, 1992, the defendant Walters Automotive Distributors, Inc. entered into a series of agreements with the Sinclair Group for the provisions of insurance covering various risks relating to Walters' business including but not limited to workers' compensation, commercial general liability, building and automobile insurance and excess (umbrella) coverage.
4. Walters accepted the provision of insurance coverage according to the terms of the agreement.
5. The Sinclair Group fully performed in accordance with its agreement with Walters by supplying the insurance coverage through various insurance companies.
6. Although partial payment was made for the aforesaid insurance coverage, Walters has neglected and refused to tender the premium payments due and owing to the Sinclair Group for the insurance policies.
7. The total amount due and owing for the insurance policies from Walters is $13,258.39.
8. Despite frequent and repeated demands for payment, Walters has failed to make the required premium payments.
9. As a result of Walters' breach of contract, the Sinclair Group has been damaged.
The defendant filed an answer which in substance stated that it had insufficient information to form an opinion or belief and thereby leaves the plaintiff to its proof. The defendant did, however, specifically deny being obligated in the amount of $13,258.39; and it also specifically denied that the plaintiff had made frequent and repeated demands for payments.
Defendant also filed a special defense alleging that it should be credited with all payments pertaining to the alleged insurance and all other credits and/or setoffs which may be due.
The plaintiff presented its case through the testimony of William Lawson, Sr., its manager of administration. Lawson offered into evidence a computer-prepared account analysis of the account of the defendant covering the period January 17, 1992 through and including February 23, 1996. This analysis indicated CT Page 611 an account balance of $13,258.39 due and owing from the defendant to the plaintiff. The defendant objected to this evidence, but the court overruled the objection relying on American Oil Co. v.John Valenti, et al, 179 Conn. 349 (1979). The computer analysis was admitted as a business record after the court satisfied itself that Lawson, the manager of administration for the plaintiff, supervised the data entry people and was familiar with the system which contained all the information previously invoiced to the defendant. The defendant's principal objection that the computer could not reproduce all the invoices previously sent to the defendant was deemed irrelevant by the court.
The defendant also questioned whether or not one invoice had been paid twice. Plaintiff admitted receiving a duplicate payment on one invoice but satisfied the court that the duplicate payment was applied to an existing old balance.
It was apparent to the court that the defendant was acting in good faith in denying the claim because it lacked a clear understanding of the plaintiff's computer records which reflected the continuous processing of the insurer's endorsements which in turn resulted in credits and debits against the defendant's payment obligations. Based upon all the credible evidence, the court finds that the plaintiff has proved the allegations of its complaint, and the defendant has failed to prove the allegations contained in its special defense.
Accordingly, judgment may enter for the plaintiff in the amount of $13,258.39.
Dorsey, J.